**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00223-CR**
_____

**BART THOMAS MOORE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 258th District Court**
**Polk County, Texas**
**Trial Cause No. CR21-0092**
_____

**MEMORANDUM OPINION**

A grand jury indicted Appellant Bart Thomas Moore ("Appellant" or "Moore") for failure to give information and render aid after an accident resulting in serious bodily injury. *See* Tex. Transp. Code Ann. § 550.021(c)(1)(B). Moore pleaded "not guilty," but a jury found him guilty of the lesser offense of failure to give information and render aid after an accident resulting in bodily injury. After a hearing on punishment, the jury found the two alleged enhancements for prior felony convictions "true" and assessed punishment at eighty years of confinement. *See* Tex.

1

Penal Code Ann. § 12.42(d) (penalties for repeat or habitual offenders); Tex. Transp. Code Ann. § 550.021(c)(2).

On appeal, Appellant's court-appointed attorney filed a brief stating that he has reviewed the case and, based on his professional evaluation of the record and applicable law, there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Moore to file a pro se brief, and Moore filed a pro se brief in response.

The Court of Criminal Appeals has held that when a court of appeals receives an *Anders* brief and also a pro se brief, the appellate court has two choices. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). "It may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;] [o]r, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* We do not address the merits of each claim raised in an *Anders* brief or a pro se brief when we have determined there are no arguable grounds for review. *Id.* at 827.

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed

2

the entire record, counsel's brief, and Moore's pro se brief, and we have found nothing that would arguably support an appeal. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.


LEANNE JOHNSON
Justice


Submitted on February 1, 2024
Opinion Delivered February 7, 2024
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.

---

[1] Moore may challenge our decision in this case by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.